UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25729-ALTMAN

**WILLIAM GILBERT**,

    *Plaintiff*,

*v.*

**EVERGLADES CORRECTIONAL INSTITUTION**, *et al.*,

    *Defendants.*

_____/

## ORDER

The Plaintiff, William Gilbert, has filed a civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. He's also filed a motion for leave to proceed *in forma pauperis* ("IFP Motion") [ECF No. 3], and a motion for appointment of counsel [ECF No. 4]. Gilbert, a state prisoner, alleges that three state correctional officers and the City of Miami violated his "rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution[.]" Compl. at 2. Gilbert says that, one night, when he "was assigned to the kitchen," he wasn't given proper "work boots" before "boiling water splash[ed] on [his] left foot." *Id.* at 3. But, despite his injuries, the Defendants allegedly still forced Gilbert to work for another "2 ½ hours." *Ibid.* When Gilbert finally "went to medical," he "struggle[d] to walk," and his "burned, infected foot" eventually required two surgeries. *Id.* at 3–4. After screening Gilbert's Complaint, we find that it violates the Federal Rules of Civil Procedure. We therefore **DISMISS** his Complaint *without prejudice* and **GRANT** Gilbert leave to file an amended complaint.

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**ANALYSIS**

Gilbert's Complaint can't proceed because it's an impermissible shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must also "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or

3

both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall under four categories. In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1322–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Gilbert's Complaint falls under both the third *and* fourth types of shotgun pleadings because it doesn't separate "into a different count each cause of action or claim for relief" and because he asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23. Starting with the third type, we *think* Gilbert is advancing several deliberate-indifference theories by accusing the Defendants of "ignoring" an unsafe condition and "delaying treatment" and "making medical decisions based on non-medical factors." Compl. at 3; *see also Raffone v. Quinn*, 2025 WL 1124425, at *3 (S.D. Fla. Apr. 16, 2025) (Ruiz, J.) ("Plaintiff advances several theories of liability under the Eighth Amendment, including unlawful prison conditions [and] medical deliberate indifference[.]"). But Gilbert doesn't separate these claims into different counts. All he asks for is "an order declaring that the Defendants . . . have acted" with "deliberate indifference" "in violation [of] the Eighth Amendment of the Constitution." *Id.* at 4. This won't do. *See Ortiz v. Carnival Corp.*, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020) (Scola, J.) ("Each distinct theory . . . is a separate cause

4

of action that must be asserted independently and with corresponding supporting factual assertions." (collecting cases)).

And Gilbert's Complaint constitutes the fourth type of shotgun pleading because he doesn't tell us *which* deliberate-indifference claim he's bringing against *which* Defendant. All we have is Gilbert's "Statement of Facts" section, which consists of a sprawling, two-page, unbroken paragraph in which some Defendants are cursorily mentioned by name, *see* Compl. at 3–4, making it "virtually impossible to know which allegations of fact are intended to support which claim[s] for relief," *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Popham v. Cobb Cnty.*, 2009 WL 2425954, at *2 (N.D. Ga. Aug. 5, 2009) ("[S]hotgun pleadings do not make clear what facts are alleged as to which defendant or what legal theory or authority is the basis for liability against each defendant."). Plus, Gilbert violated Federal Rule of Civil Procedure 10(b) by lumping all his facts together instead of listing them in numbered paragraphs. *Cf. Miller v. EBS Sec., Inc.*, 2020 WL 12188709, at *1 (N.D. Fla. Oct. 30, 2020) (Fitzpatrick, Mag. J.) ("Plaintiff must present all relevant factual allegations in short, separately numbered paragraphs." (relying on FED. R. CIV. P. 10(b))).

Although Gilbert's Complaint is deficient, we'll give him a chance to fix these problems in an amended complaint. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("When a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). In drafting his amended complaint, Gilbert must ensure that his factual allegations are properly pled, meaning that "the allegations in the complaint 'must be simple, concise, and direct,'" *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting FED. R. CIV. P. 8(d)(1)), and the facts supporting his claims *must* be presented in a "short and plain statement . . . showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). Gilbert also cannot "lump together multiple theories in one count; instead; he shall narrow down and separate out

5

his theories of liability such that each asserted theory gets its own count in the amended pleading[.]" *Pringle v. Seminole Cnty. Pub. Schs.*, 2025 WL 20019, at *7 (M.D. Fla. Jan. 2, 2025) (Sneed, J.). Lastly, we warn Gilbert that, if he fails to file a legally sufficient amended complaint, we'll dismiss this case without further notice.

One more thing. We can't proceed with the Complaint because Gilbert's IFP Motion is legally insufficient. Prisoners "seeking to bring a civil action . . . without prepayment of fees or security therefor" are responsible for filing an affidavit and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a). Although Gilbert attached the required affidavit, *see* Declaration [ECF No. 3-1], he failed to provide a certified account statement for the 6-month period before he filed his Complaint showing the money he has (or doesn't have) in his inmate account, *see generally* IFP Motion. The Clerk will send Gilbert a copy of a court-approved IFP motion. If Gilbert doesn't pay the filing fee or file a legally sufficient IFP motion, we'll dismiss this case under FED. R. CIV. P. 41(b) for failure to comply with our orders.

\*   \*   \*

We therefore **ORDER AND ADJUDGE** as follows:

1. By **January 13, 2026**, the Plaintiff must file an amended complaint correcting the deficiencies identified in this Order. The amended complaint must be no longer than **20 double-spaced pages**, must be signed under the penalty of perjury, and must contain a short and plain statement of the Plaintiff's claim for relief, a basis for federal jurisdiction, and a demand for judgment. The amended complaint must also include a separate paragraph for each Defendant, explaining what that Defendant did wrong, and it must present all allegations in numbered paragraphs. The Clerk is

6

**DIRECTED** to attach a copy of this Court's form titled "Complaint for Violation of Civil Rights (Prisoner)."

2. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

3. The amended complaint must include a separate paragraph for each Defendant, explaining what that Defendant did wrong, and it must present all allegations in numbered paragraphs.

4. Gilbert's IFP Motion [ECF No. 3] is **DENIED** as legally insufficient. He must either: (1) pay the $405.00 filing fee or (2) file a legally sufficient IFP motion with a six-month account statement by **January 16, 2026**. The Clerk is **ORDERED** to attach a copy of this Court's approved IFP form to this Order.

5. The Plaintiff's failure to file the amended complaint or file a legally sufficient IFP motion (or both) on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

6. Gilbert's Motion for Appointment of Counsel [ECF No. 4] is **DENIED as moot**.

7. This Clerk's Office shall administratively **CLOSE** this case. If the Plaintiff's amended complaint survives screening, the Court will reopen this case once all the Defendants have been served.

**DONE AND ORDERED** in the Southern District of Florida on December 17, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: William Gilbert, *pro se*